IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE GRAHAM, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2850-X-BN |
| MAKISHA PIPPENS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gene Graham brought this lawsuit to federal court *pro se* through the filing of a complaint setting out in full:

> Plaintiff, a senior citizen, was wrongfully evicted from Park Manor, a DHA property. At the grievance hearing held on March 10, 2022, manager Makisha Pippens prefaced her statement w/ "I was not there I did not see it." DHA attorney Laurin Compton treated said statement as an eye witness account of the facts. Plaintiff was evicted. Plaintiff does request a jury trial.

Dkt. No. 3 at 1.

Graham's initial filing also identifies "wrongful eviction" as the applicable cause of action; 28 U.S.C. § 1441 (the removal statute) as the civil statute under which this suit is filed; and "DHA v. Gene Graham … JE-2200684-K" (which appears to be a state court proceeding) as a related case. Dkt. No. 3 at 2.

United States District Judge Brantley Starr referred this action to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is

federal jurisdiction. And, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation. They provide Graham, as the party invoking federal jurisdiction, notice as to the jurisdictional deficiencies (as set out below). And the ability to file objections to the undersigned's recommendation that this case be dismissed (as further explained below) offers Graham an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Discussion

First, because Graham cites Section 1441 and identifies as a related case an apparent state court eviction proceeding filed against him by the DHA (which the undersigned understands to be the Dallas Housing Authority), it is plausible that Graham has removed an action filed in state court to federal court.

If that was the case, he has not shown a basis for diversity jurisdiction under 28 U.S.C. § 1332 nor that a claim asserted in the underlying state-law eviction suit provides a basis for federal question jurisdiction under 28 U.S.C. § 1331.

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

Those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

And a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 62 (2009); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Where a removing party fails to make these showings, a federal district court must remand the case to state court under 28 U.S.C. § 1447(c), which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original). *Cf. Lutostanski v. Brown*, ___ F.4th ___, No. 23-50257, 2023 WL 8588598, at *4 (5th Cir. Dec. 12, 2023) ("Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole.").

But it is more plausible that Graham filed this federal lawsuit in response to state court proceedings that have concluded where he alleges that a hearing was held in March 2022. The facts alleged further support this construction insofar as Graham appears to allege that his right to due process was violated in the prior proceedings.

Even so, to the extent that this lawsuit was filed to challenge the results of state court litigation that has concluded, such that no appeal was pending when Graham filed this case in federal court, the *Rooker-Feldman* doctrine prevents the Court's jurisdiction "to modify or reverse" a state court proceeding. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

And, even if *Rooker-Feldman* somehow does not apply, Graham still fails to show a basis for federal subject matter jurisdiction under either Section 1331 or Section 1332.

As to the former, his allegations as set out above fail to establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers*

*Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (citation omitted).

For example, Graham's alleged facts fail to allege a more than insubstantial claim under the Fair Housing Act (the "FHA"), as "no tenant can assert a private right of action under the FHA for due process violations or tort claims. The FHA only affords an aggrieved person a private right of action for discriminatory housing practices." *Cadena v. Hicks*, No. A-16-CV-1009-RP, 2016 WL 6135454, at *6 (W.D. Tex. Oct. 21, 2016) (citations omitted).

And, as to diversity jurisdiction, Graham fails to allege factual content to show that each plaintiff's citizenship is diverse from each defendant's citizenship, *see* 28 U.S.C. § 1332(a), while that content also raises a reasonable inference that all parties are citizens of Texas.

**Recommendation**

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE